## AMERICAN CASUALTY CO v STILLMAN (2 cases)

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct. 19, 1928

Barnum, Hammond, Stephens, Patchin & Hoyt, Youngstown, for Casualty Co.

T. M. Cooney and Barrett & Kane, all of Youngstown, for Stillman.

FARR, J.

Sec. 6308 GC, is a sufficient answer to this contention and sustains the right to bring suit as it was brought in Mahoning County. However, the statute extends its terms sufficiently to permit action to be brought in any county where service may be had upon the defendant.

Second, it is contended that error intervened by the trial court's exclusion of a written statement or reservation agreement which was prepared following the accident, as disclosed by defendant's exhibit 1, Record 168, but which Gorodetzer refused to sign. It is claimed that Gorodetzer's refusal to sign the instrument in question indicated his refusal to co-operate with the Insurance Company in the defense of the action. However, it may be observed that there was no provision in the policy of insurance requiring Gorodetzer to sign such statement or agreement. Therefore, he had a right to refuse to do so and the exclusion of the document was not prejudicial error.

The third and fourth grounds of error relate to the charge of the trial court with reference to fraud and collusion and wherein it is claimed that the trial court instructed the jury that proof of the alleged fraud must be made by clear and convincing evidence. This was a higher degree of proof than is required in such cases. However, it should be observed that the trial court said, on pages 159 and 160 of the Record, that "clear and convincing evidence means that the evidence which tends to prove the alleged fraud or mistake, if standing alone and uncontradicted, would establish a prima facie case of fraud" , and at page 150 the jury is instructed that:

"These are matters of defense and consequently the burden is upon the defendant, the American Casualty Company, to maintain the same by a preponderance of the evidence."

And at page 151 the trial court again refers to the preponderance of the evidence and in two instances stated that such would determine the question. Therefore, in view of the foregoing, and in view of the fact that there is no specific proof of fraud and collusion, it follows that the court's instruction to the jury was not erroneously prejudicial, altho it is disclosed by the facts that when Gorodetzer came to Youngstown that he went directly to Stillman's office and was taken by Stillman to the office of the attorney for Stillman and Gorodetzer was served with summons in both cases. Gorodetzer, however, turned the summons over to Thayer, the adjuster for the Casualty Company, with a statement of the manner in which he had been served.

While these facts might indicate that there was some understanding between the parties, yet they are not conclusive of the perpetration of a fraud, and for the reasons given it follows that the judgment must be affirmed.

Pollock and Roberts, JJ., concur.